UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MAXWELL KINSLEY,

                    Plaintiff,

          v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

CASE NO. 2:19-cv-00991-BAT

**ORDER GRANTING MOTION TO DISMISS**

Pro se Plaintiff Maxwell Kinsley brings this action against the Commissioner of Social Security, for judicial review of a decision by the Commissioner. The Commissioner moves to dismiss this action based on Fed. R. Civ. P. 12(b)(1) or, in the alternative, under Fed. R. Civ. P. 12(b)(6). Dkt. 9. Counsel for the Commissioner called and emailed Plaintiff in an attempt to confer on this motion, but received no response. Dkt. 9, p.1. Plaintiff filed no response to the motion to dismiss.

Having considered the motion, Plaintiff's failure to respond, and remaining record, the Court concludes it lacks subject matter jurisdiction and therefore, the Commissioner's motion to dismiss should be **granted** and this case should be **dismissed with prejudice**.

BACKGROUND

Plaintiff's complaint is related to his applications for Title II and Title XVI benefits under the Social Security Act. Dkt. 3, p. 2. He asks that the court award disability benefits or remand

ORDER GRANTING MOTION TO DISMISS - 1

1    for further administrative proceedings. *Id.*, p. 4.

2         Plaintiff applied for benefits in November 2012. Dkt. 9, Exh. 2, Declaration of

3    Christianne Voegele, Chief of Court Case Preparation in the Office of Appellate Operations, pp.

4    2-3. Over the next six years, Plaintiff obtained two ALJ decisions that were each remanded by

5    the Appeals Council. *Id.*, Exh. 1, pp. 3-6. Ultimately, on remand from the Appeals Council in

6    November 2018, a new ALJ dismissed Plaintiff's request for a hearing due to Plaintiff's failure

7    to appear. *Id.*, Exh. 1, p. 5. Plaintiff requested review of this decision from the Appeals Council,

8    but he sought this review after the 60-day deadline. *Id.* In April 2019, the Appeals Council

9    dismissed Plaintiff's request for review. *Id.*, p. 6.

10                              STANDARD OF REVIEW

11        A party may file a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)

12   challenging the subject matter jurisdiction of the Court. "Federal courts are courts of limited

13   jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As such,

14   they may only review cases as authorized by either the Constitution or a federal statute. *Id.* "If

15   jurisdiction is lacking at the outset, the district court has no power to do anything with the case

16   except dismiss [it]." *Morongo Band of Mission Indians v. California Bd. of Equalization*, 858

17   F.2d 1376, 1380 (9th Cir. 1988) (quotation omitted).

18        Congress has limited federal courts' jurisdiction over determinations by the Social

19   Security Administration ("SSA"). Under the Social Security Act, federal courts may only review

20   a "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. §

21   405(g). Although the Social Security Act does not define the term "final decision," the

22   Commissioner has done so by regulation. *Weinberger v. Salfi*, 422 U.S. 749, 751 (1975)

23   (recognizing power of Commissioner to define "final decision"); *see also* 42 U.S.C. § 405(a)

ORDER GRANTING MOTION TO DISMISS - 2

1    (outlining Commissioner's powers). Under the applicable regulations, a claimant must first

2    complete the SSA's administrative review process before he can obtain a judicially reviewable

3    final decision. 20 C.F.R. § 416.1400(a)(1)–(5) (enumerating the four steps in the administrative

4    review process); *Califano v. Sanders*, 430 U.S. 99, 108 (1977) (Section 405(g) "clearly limits

5    judicial review to ... a 'final decision' of the [Commissioner] made after a hearing."). "A final

6    decision has two elements: (1) presentment of the claim to the Commissioner, and (2) complete

7    exhaustion of administrative remedies." *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003).

8    Without a final agency decision, a district court has no subject-matter jurisdiction. 42 U.S.C. §§

9    405(g) and 1383(c); 20 C.F.R. § 416.1400(a)(5); *Sanders*, 430 U.S. at 108-09.

10                                                    DISCUSSION

11   A.       Exhaustion

12           The SSA's prescribed administrative remedies consist of the following four steps: First,

13   the SSA provides the claimant with an initial determination. 20 C.F.R. § 416.1400(a) (1).

14   Second, if the claimant is dissatisfied with the initial determination, he may ask the SSA to

15   reconsider it. 20 C.F.R. § 416.1400(a)(2). Third, if the claimant is dissatisfied with the

16   reconsidered decision, he may request a hearing before an ALJ. 20 C.F.R. §  16.1400(a)(3). And

17   finally, if the claimant is not satisfied with the ALJ's decision, he may request that the SSA's

18   Appeals Council review the ALJ's decision. 20 C.F.R. § 416.1400(a)(4). The Appeals Council

19   may either grant review or deny the request and allow the ALJ's decision to stand as the final

20   decision of the Commissioner. 20 C.F.R. § 416.1467.

21           There is no final decision subject to federal judicial review unless and until all four steps

22   of the administrative review process have been completed. 20 C.F.R. § 416.1400(a) (5). If the

23   claimant fails to complete all four steps of the administrative review process, the SSA's initial

ORDER GRANTING MOTION TO DISMISS - 3

1    determination is binding and the claimant may not seek judicial review in the federal courts. *See*

2    20 C.F.R. §§ 416.1405, 416.1421, 416.1455, 416.1481.

3    　　　Here, Plaintiff failed to complete all four steps of the administrative review process. In

4    January 2018, the ALJ dismissed Plaintiff's request for a hearing because Plaintiff failed to

5    appear. Dkt. 9, Ex. 2, Voegele Dec., p. 5, Exh. 33 (Notice of Dismissal). Because Plaintiff did

6    not obtain a "final decision of the Commissioner made after a hearing to which he was a party,"

7    as required by 42 U.S.C. § 405(g), he has plainly not exhausted his administrative remedies.

8    Without a final decision, the Court lacks jurisdiction. *Califano*, 430 U.S. at 108. Plaintiff has

9    established no exception to this exhaustion requirement.

10   B.    No Exception to Exhaustion Requirement

11   　　　To waive exhaustion, "[t]he claim must be (1) collateral to a substantive claim of

12   entitlement (collaterality), (2) colorable in its showing that denial of relief will cause irreparable

13   harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion

14   (futility)." *Kildare*, 325 F.3d at 1082.

15   　　　Plaintiff fails to meet these requirements. Plaintiff does not address the procedural history

16   of his case but suggests instead, that his impairments kept him from "knowing or responding" to

17   the agency's decisions. Dkt. 3, p. 4. Even if these allegations are true, they do not satisfy the

18   three-part waiver test. Because Plaintiff's claim is a claim for disability benefits, the doctrine of

19   exhaustion serves important purposes, such as the development of factual records. A claimant

20   may not circumvent the exhaustion requirement by alleging procedural irregularities, when the

21   claimant's case is essentially a claim for disability benefits. *Kildare*, 325 F.3d at 1083-84.

22   　　　Plaintiff has also not shown that his is the rare case involving a colorable constitutional

23   claim. An exception to the "final decision" jurisdictional requirement of 42 U.S.C. § 405(g)

1 exists in the "rare instances" where a claimant alleges a "colorable constitutional claim" flowing

2 from a non-final decision. *Sanders*, 430 U.S. at 109. For this Court to acquire jurisdiction, the

3 claimant must present a "colorable constitutional claim of due process violation that implicates a

4 due process right either to a meaningful opportunity to be heard or to seek reconsideration of an

5 adverse benefits determination." *Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001)

6 (citation omitted). The "mere allegation of a due process violation is not sufficient to raise a

7 colorable constitutional claim . . . . Rather, the plaintiff must allege facts sufficient to state a

8 violation of substantive or procedural due process." *Anderson v. Babbitt*, 230 F.3d 1158, 1163

9 (9th Cir. 2000) (internal quotations omitted).

10       Plaintiff briefly suggests that the Commissioner's decision was influenced by racial

11 discrimination. Dkt. 3, p. 4 ("I think it is rasical [sic] discrimination because he did not even read

12 my reasons my mental disability that prevent me from knowing or responding Black doos [sic]

13 matter." ECF No. 3, p. 4. Plaintiff does not support this assertion with any specific factual

14 allegations, other than his belief that the ALJ did not read his reasons. Because Plaintiff "has

15 failed to allege facts that would indicate bias on the part of the ALJ or that such bias caused the

16 ALJ to 'arbitrarily and capriciously' dismiss his request for a hearing," his claim of a substantive

17 due process violation fails. *Hoye v. Sullivan*, 985 F.2d 990, 992 (9th Cir. 1992). Plaintiff's vague

18 allegation does not amount to a colorable constitutional claim.

19       In earlier submissions to the Appeals Council, Plaintiff argued that he did not receive the

20 various hearing notices mailed by the ALJ. Dkt. 9, Ex. 2, Voegele Dec., Exhibit 35. However,

21 "[d]ue process is satisfied if service is conducted in a manner 'reasonably calculated' to ensure

22 that notice reaches" the individual. *Popa v. Holder*, 571 F.3d 890, 897 (9th Cir. 2009) (abrogated

23 on other grounds by *Lopez v. Barr*, 925 F.3d 396, 401 (9th Cir. 2019). If the government mails

ORDER GRANTING MOTION TO DISMISS - 5

1    the notice of hearing to the individual's last known address, and the claimant has not completed a

2    change of address, this is sufficient, and it does not violate the individual's due process rights. *Id*.

3    at 898.

4         The recent case of *Smith v. Berryhill*, 139 S. Ct. 1765, 1777 (2019), does not require a

5    different conclusion. In *Smith*, the Supreme Court held that federal courts have jurisdiction to

6    review the Appeals Council's decision dismissing review on the basis of an untimely request.

7    However, the claimant had already obtained a final decision on the merits of his case by an ALJ:

8    "Where, as here, a claimant has received a claim-ending timeliness determination from the

9    agency's last-in-line decisionmaker after bringing his claim past the key procedural post (a

10   hearing) mentioned in § 405(g), there has been a "final decision ... made after a hearing" under §

11   405(g)." *Id*. at 1777. In this case, because the ALJ dismissed Plaintiff's request for a hearing

12   after Plaintiff failed to appear, Plaintiff did not obtain a hearing or a decision on the merits of his

13   claim before proceeding to the Appeals Council.

14         Because Plaintiff's vague assertions do not establish any exceptions to the waiver

15   doctrine or present a colorable claim of a constitutional issue, the Court declines to waive the

16   exhaustion requirement.

17                            CONCLUSION

18         Because the Court lacks subject matter jurisdiction, the Court **GRANTS** Defendant's

19   motion to dismiss (Dkt. 9). This matter is **DISMISSED with prejudice** and the Clerk is directed

20   to close the case.

21         DATED this 2nd day of October, 2019.

22

23

                                       _____

                                       BRIAN A. TSUCHIDA
                                       Chief United States Magistrate Judge